May it please the Court, my name is Frank Patrick, and I represent the State of Oregon and its interests brought on its behalf by the Northwest Public Communications Council, X-Rail, to enforce the operation of orders of the Oregon Public Utilities Commission. You just said you represent the interests of the State of Oregon. What am I to make of the letter in the record where someone from the State of Oregon has said to you in quite clear terms that you have no right and no authorization to represent the State of Oregon? The State of Oregon has a long history of the right of its citizens to come in on an X-Rail basis, and while I have seen that letter, and I did address that letter with the writer of the letter, the reality of it is that the judge did not consider that letter for purposes of standing, but did consider that letter for purposes of the jurisdiction of the court. And the point of that is, is that there was two issues that come out of it. The first issue that comes out of it is I was not representing the State of Oregon in the cases that stand for that proposition, and both of those cases happen to be derivative actions. That was what the issue is. In other words, I'm not standing before you representing the Oregon PUC. I'm standing before you representing the citizens of the State of Oregon as it's seeking to enforce the operation of the rate orders that were implemented by the Oregon PUC, and there is a distinction in that. Okay. If that's so, and I'll reserve ultimate judgment on that question, but if that's so, how can you argue that the State of Oregon is a party that is suit for purposes of diversity jurisdiction? Because the State of Oregon is the one that has the orders that have been issued. That's one of the problems that took place at the district court. There was a confusion as to what the nature of the remand was. And in this case, the diversity statute is the sole basis for jurisdiction at the district court. Well, I understand that, but what I'm asking you is how can you simultaneously not be representing the State of Oregon, yet have the State of Oregon as sufficiently represented by you that it should be considered a party for purposes of diversity jurisdiction? Because the diversity jurisdiction provision 1342, specifically addressable... 1332. 1332 is divested by 1342, the Johnson Act. Okay, so I'll get to the Johnson Act in a minute, but let's just talk about 1332. Is there jurisdiction under 1332 not yet talking about the Johnson Act? I don't believe that there's jurisdiction under 1332 because the order that is the subject matter of this is an order of the State of Oregon, and that's what's the real party in interest. And so as we come in, yes, we're representing the State of Oregon's interest as a real party in interest because they're the only ones that can benefit. There is no benefit to the nominal plaintiff in PCC. And what if we were to conclude that your claim on behalf of the State of Oregon, on behalf of the citizens of the State of Oregon, is not only not valid, but it's sufficiently obvious that it's not valid, that it should be considered, and this is a term of art so I don't mean to accuse you of deception, that it should be considered a sham for purposes of diversity jurisdiction. That is to say, there's no way to defeat diversity jurisdiction by adding claims or parties when such addition would be a, quote, sham. So if we think that your claim on behalf of the State of Oregon is really bad, how can we consider that for purposes of defeating diversity jurisdiction? I'm not sure that I understand the question. I think what you're saying is you're following up on what the district court did. The district court looked behind, as it should, she said, who are the real parties in interest, okay? And there are two issues with respect to that. If you're indicating that it's a sham because there are other real parties out there, or that it's a sham that we've brought the State of Oregon in, the reality of it is, is even if you look at just the NPCC as a true plaintiff, it has no claim in this case. It has nothing it gets. It is only proceeding for the benefit of enforcing the operation of a rate order, and that rate order is what the subject matter of 1342 is. Let me see where I can explore some things that maybe you can clarify for me. I get a sense that there's lots of litigation involving the party here, and there was this recent appeal that was disposed of by the circuit court. How is this case different from the one that was on appeal and recently resolved by the circuit court of appeals? This case is completely different than that case. How is it different? Okay. The case that was brought before the district court and recently was decided was for two elements. First, Federal law claims under the Telecommunications Act of 1996. And so when we say the Federal claims, that's what we're referring to. The second part of that case is having to do with just purely the State law claims. And purely one of those State law claims is the enforcement action that is the subject matter of this. The district court dismissed both the State law claims and the Federal claims. The Federal claims based on the statute of limitations defense, but the State law claims based on no jurisdiction. In fact, I believe that it's actually race judicata. But where are those claims now? The State law claim you say is exactly the same as the claim you bring here now, right? Not exactly, Your Honor. What's the difference? Okay. The difference is, is that in the State law claims, NPCC and its members were all plaintiffs. Here, NPCC is a nominal plaintiff, and none of the members are plaintiffs. They have no State claims. No. This is to enforce the orders and the operation of a rate order. And the State claims are based upon what? The State claims include other things, such as interference with a business relationship, the actual refunds themselves that were due. And each of those plaintiffs had different claims. We only represent, if you want to call the membership, only represents approximately 60% of all the State law claims that are out there. There are additional plaintiffs, A to Z, that we haven't even been able to identify because there's more. So this is the only case where your client is seeking to enforce the order of the PUC. Is that what you're saying? That is correct. That's the only case that's pending right now. But what power does it have to enforce the order of the PUC? I mean, I don't understand what your legal basis is to, you know, substantively succeed on that issue. It's both statutory, which allows, if the jurisdictional basis is purely statutory, the statutes, the telecommunications statutes, provide for an interested party coming in. In fact, in this case, Your Honor, in the case which was started clear back in 1995 or 96, depending on how you view the initiation, NPCC was the intervener. None of the members were even named, not even nominally. And so it was there as a matter of right and became a party, as a matter of right, to the proceeding that resulted in the rate orders that it now seeks to enforce. They were the signatory to the settlement agreement, and the order that evolved from that had nothing to do with your client. Your client was allowed to participate. And that may be appropriate, but isn't your remedy really with the PUC? And isn't it up to the PUC to enforce its own orders, and your client can't really do it for them? That's a complex question, and I want to make sure I heard what you said. Did you say they weren't or they were with respect to the PUC? As I read the record, you have a PUC order here. That's correct. As a result of the settlement negotiation, right? That's correct. Your client was intervening in that process, I guess, or had something to do with that process, but ultimately it was the PUC order that came out of that, right? That's correct. And that's in a different rate proceeding. That's in UT80. I know it's very complicated. But that rate proceeding produced two appeals. Those two appeals were settled, and they affected the rate proceeding in which my client was an intervener. We were not a party to the signature of the settlement agreement. I just don't understand how you can enforce an order of the PUC. I just don't understand that. If the PUC does not enforce its own order. Yeah. Okay. What is the remedy? Let's say the PUC decides not to enforce its own order. Well, then what? Okay. That's exactly the question. The PUC has no independent contempt power like a court. It has to go to court to enforce its order. Here, if the PUC does not enforce its order, we become an aggrieved party under the statutes, and we're entitled to take that position. But where under the statute do you think you have that entitlement specifically? It's under 7. I don't read it that way, but maybe you can persuade me. It's under 756-200, 756-160, and 756-180. And what 756-200 calls into is the effect of utility laws on common law and other statutory rights. It incorporates the rights of the citizens because it's cumulative rather than exclusive. Where does a citizen have the right to bring litigation to enforce a rate order by the PUC? It's a party. It's a party. It's a party. It was a party in the rate proceedings. And as a result of that, it has to have the inherent ability to gain the benefits of that. Otherwise, what's the purpose? In this case, the PUC, we could go back to the PUC three times and ask for them to issue another enforcement order. But if they choose not to do so, then we're left with the result that we have here going to circuit court. But that comes back to the question asked by Judge Block. So where in the statutory system do you have a private right of action to enforce a PUC order when the PUC declines to enforce? Or I'll say it a different way. When the PUC, for reasons of its own, may conclude that it has been enforced and they're leaving it alone. I mean, as I read the statutory system, it's up to the PUC to decide how and whether to enforce its own orders. I see nothing in the statutory scheme that allows a private party, who might be the beneficiary of the order as that party interprets the order, to enforce it independently of the PUC. So give me precisely the statutory language that gives your clients a private right of action to enforce the PUC order. The two points that you're raising is does this plaintiff, the NPCC, have standing? No, he's not asking that question. He's asking the point specifically to the statutory authority that supports a private, you know, right of action. I believe it's 160 and 185. And also 200. Okay. And that language is? I'm sorry. It may also be in 759. I'm sorry. But I believe it's on 759. All penalties effective until law is uncommon law under the statutory rights. The remedy and enforcement procedures provided in 756. These are chapters, Your Honors. I'm sorry. 757, 758 and 759 do not release or waive any right of action by the State or any portion for any right, penalty or forfeiture which may arise under any laws. And the duties and liabilities of this State are cumulative there, too. That's in 756, 200 with subsection 3. The second part of that, Your Honor, I believe is in 759. I believe it's 759, 285. All telecommunication utility may require that, excuse me, I'm sorry, if the violation continues beyond the time period specified in the commission's order, in this case they were told to pay the refunds within 45 days of the final rates being set, the time period the commission on its own motion or upon the motion of an interested party may seek penalties as provided in ORAS or may otherwise may seek enforcement under 756, 160, 756, 180 or both. Okay. I got that. I know now where you're pointing to. Okay. Let's hear from the other side, and you've got about a minute left, but we'll make sure you have enough time for rebuttal. Okay. I preserved five minutes already. Well. I believe. We'll make sure you get time to say what you need to say. Okay. All right. Thank you very much. Good morning, Your Honors. May it please the Court, Lawrence Reichman for Defendant Quest Corporation. I think your questions have gone to the heart of the matter. Indeed, the remedy in this case is with the PUC. The PUC is the only entity that has authority to enforce its orders. What if the PUC chooses not to do that? For whatever reason, it chooses not to enforce one of its orders. Is there any remedy whatsoever to require the PUC to do that? Well, I think you'd have to start by asking the PUC to do it. So. Well, I asked them to do it. But I think you follow the pattern. So if they had filed a motion or a case before the PUC asking you to enforce the orders. So the remedy is you have to go to the PUC and say, please enforce your order. Is there some sort of a formal process administratively that you can embrace? Yes. Yes. The PUC has authority to consider motions. So, for example, it could consider a motion in the rape case here. It has authority to consider complaints. So is there any judicial recourse at all by anybody? There is judicial review available for PUC orders. So if I can honor the 78 proceeding, as I'm familiar in New York, you have some sort of a determination to the State court, you know. That's correct. Appeal is, in this case, to the Oregon Court of Appeals. Is that type of remedy? And who would be the person who would have standing to bring that proceeding? Before the PUC? Yes. And then to go to State court. There is very broad standing to bring claims to the PUC under ORS 756-500. Any person, effectively, can bring a claim at the PUC. Any person, I believe, who has appeared in that case then has standing to appeal if they're not satisfied with the decision. That also would cover this organization that's the plaintiff in this case? That's correct. Because before the PUC, they would have broad standing to do that. They would. Absolutely. So that would be the remedy rather than to come to court here to enforce the order. Absolutely. That's what they should have done. They should have gone to the PUC and said, Quest is violating your order. The PUC then could have made a determination, and it is in the best position to decide if Quest is or is not violating the order. If the PUC were convinced, it could order Quest to do certain things. The PUC is not powerless. It has quite a number of powers under State law. It could order Quest to make refunds if that's required. If Quest refused, then ultimately the PUC has authority to go to court to enforce its order, and the Attorney General would be representing it. It would seek civil penalties, I take it, as well? It can seek civil penalties. That's correct. All of that power is given to the PUC by the legislature, and it's more than power. The PUC is actually given that mission. Its mission is to protect the customers of utilities. So it not only has the power, it has the direction, it has the interest. In this case, as we've seen, the PUC did not think that that action was warranted, and I would submit that the action is not warranted. Quest has refunded all the money that it is obligated to refund. Your Honor asked about other proceedings involving these State law claims. Indeed, there are two other proceedings involving these same State law claims. The first is the one that the Ninth Circuit affirmed back in August of last year. The same State law claims were present there. The Court did not decide it did not have jurisdiction. It did decline, however, to exercise supplemental jurisdiction over those claims when it dismissed the claims that were under Federal Question jurisdiction, precisely the same claims, however. Additionally, NPCC and its members only a few months ago filed another case seeking exactly the same relief, seeking to enforce the State, the PUC's order. So there is yet another case pending which ---- But all of those pending cases, I assume, are doomed because they're going in the wrong direction. They're not cases where they're seeking to have the PUC enforce its orders administratively and then appealing to the State court authorities. That's correct. We've had five cases ---- I'm sorry, four cases in court that Mr. Patrick and his clients have pursued. Not once have they gone to the PUC and said, Quest is not obeying orders. Any State court decisions in respect to any of those cases at all, or are they all pending somehow out there in the ether? The very first case was decided by the PUC. It was a refund case similar to this, but based on Federal law, not State law. And the PUC did decide that. That has now been appealed to the Oregon Court of Appeals, so it's pending there. The other three cases, including this one that have been filed in district court, were dismissed. Two are on appeal. This is the second on appeal. And now there's yet a fifth case. So I'm confused. You're saying that there are proceedings challenging the PUC's failure to enforce its order that are in the State court system? No, I apologize. The PUC issued an order on a claim that was based on a different legal theory. So the very first case was not, as this case is, that we're entitled to refunds under a rape case order. That case was claiming that the plaintiffs were entitled to refunds under orders issued by the FCC, the Federal Communications Commission. So a different legal theory seeking the same refunds, but a different legal theory. That was ultimately decided by the PUC adverse to the plaintiffs. That is what's on appeal. Now, in fact ---- And that one, just to be sure, that one's on appeal in the Oregon State system? That is correct. It's on appeal to the Oregon Court of Appeals. Now, in fact, towards the end of that case, the plaintiffs actually did seek to amend their complaint to bring this claim. They sought to amend the complaint to bring this claim. The PUC denied that motion for a number of reasons, including that the case had been pending for many years and that it would expand the issues within its discretion. But the denial of that motion is also on appeal right now to the Oregon Court of Appeals. So there is another aspect of where this claim is currently in the State court system. And can you describe briefly the last of the cases in this series? You say there's another suit that's been brought in that. Is that in State or Federal court? It was commenced in State court in November of 2013. Quest did remove that to Federal court because there's both Federal questions and complete diversity. So it is now pending in the district court in Oregon. The plaintiff has moved again to remand, and we'll have to respond. That case is, there are 14 claims for relief. Many of them are the same as this. Many of them are to enforce the PUC's rate case orders. As Mr. Patrick mentioned, there are some other claims about interference with business and other things. So there's two or three sort of types of claims in there. And obviously that's not the case now in front of us. But out of curiosity, how far along are you? That is to say, for example, have you raised any race judicata defenses based upon the decision of the district court in this case, in this later case? Not yet. We just removed that case less than a month ago. I see. So you're just getting started. Early stages, yes. So just so I understand what might be the fallout here, I mean, we're called upon to interpret State law, I guess, that there's no private cause of action under State law, there's no statutory language that gives the plaintiff the right to bring this litigation. If we were to decide that, we're deciding State law, I guess, right? Are there any State court cases that deal directly with this issue? Deal with the claim specifically? Whether or not there are State statutes to provide, as your counsel argues, a private right of action? Do we have any further State court decisions? There are no State court decisions that deal with that. That would likely be raised in the most recent case that has been filed. So if we were to decide that, then that would then have race judicata effect or some binding effect upon all these other cases that are out there? I think there would be some race judicata effect on the standing issue. So we will intend to argue, assuming this Court has not yet ruled, we will intend to argue in the district court in the latest case that the district court's decision in this case, that NPCC does not have standing. If there's no Aragon case on point here and we're dealing with the interpretation of Aragon statutes, should we not let the Aragon supreme court decide that issue? I think there is no case on point specifically whether a private party can bring a claim to enforce a PUC order. But the statutory language is so clear that I don't see any reason for some sort of certification or referral. And if we do make that decision, is that going to, as a practical matter, wrap up all this other litigation that's pending out there, in your opinion? I'm sorry, I didn't hear you. Sorry, I'm going too fast. If we do make that determination that there is no private right of action, I'm not saying we will or will not. I just want to get a sense of the practical effect that will have on all this other litigation that's out there. Right. If you make that decision, we would certainly argue that that is binding in the current the latest case. If you don't make that decision, we would argue that the district court's decision assuming you haven't decided yet, but we would make the same argument that under the statute they can't enforce the PUC's orders. So that issue is also before the district court at the present time? Most likely will be. If the first issue is a motion to remand a plaintiff so filed, then if that is, if the case stays in district court, we would move to dismiss on that ground, among others. There are a lot of issues. I guess Quest is a good client for you, right? This case has kept me busy for, since 2001, Your Honor. That's absolutely correct. I hope you send him Christmas cards thanking him for the litigation. We're on very good terms, Your Honor. There are a lot of issues. I'm prepared to address any of them, but unless you have further questions, I don't have anything further. Thank you very much. Well, you've saved a minute, but say what you need to say. We will not cut you off prematurely. You had to hear the word prematurely. I didn't say we wouldn't cut you off. Thank you very much, Your Honor, and I appreciate Mr. Reitman's comments with respect to the other litigation. I don't believe that, to answer your question, I don't believe that a decision in this case will resolve any of that other litigation, and I don't believe the appropriate thing is certification to the Supreme Court. I think the appropriate thing is to allow the remand so that the state court can handle this process in its way. Okay. Well, I'm speaking now only for myself. I think the district court has jurisdiction because I do not think the state of Oregon is sufficiently a party here to defeat complete diversity. We have not conferred ahead of time, so I don't know if these are my colleagues, but for myself, I've decided that the district court did have jurisdiction, and for myself, I would review what it did on the merits. Then I would assume that you're taking the position that the Johnson Act does not apply because and the... That's also true. Okay. That's a separate question from 1332, but yes, for my own self, I would conclude that the Johnson Act does not interfere with this lawsuit. Okay. With respect, I'd like to address that precisely. Okay. The Johnson Act has criteria which precisely are enunciated, and the first and most important issue in that is that it is an order of the PUC to produce an effective rate. In this case, this case was started as a rate case in 1995. It has taken the state 11 years. Well, as I read, the Johnson Act is basically structured in the same way as the Tax Injunction Act. That is to say, it instructs the federal courts that we are not supposed to get in the way of enforcement proceedings, either in rates, the Johnson Act, or in terms of collection of taxes, the Tax Injunction Act, unless none of the provisions that say, well, unless there's no speedy and efficient remedy and so on. I see nothing in the Johnson Act that forbids a federal district court from adjudicating whether or not an order of the PUC should be enforced. As I read the Johnson Act, it says the federal court can't get in the way of interfering with or preventing the operation of an order. Thank you very much. That's the exact precise point I want to address, because what happened is the Johnson Act language was changed. The original language in the Johnson Act included operation and enforcement. The precise words that were changed were changed because the Judiciary Act was changed with respect to that. And so what happens is, what happened is, how does enforcement play in? Because enforcement is a part of the operation of the rate order. And in this case, the point of there being no jurisdiction or being divested by the Johnson Act is because the State has gone to all of this effort to craft a rate based upon its orders. And those orders, if they're not made operational, because the defendant in this case removes the action to federal court, now the federal court jurisdiction is brought into play and the State court jurisdiction has never even been finished. But more important, the PUC order has now been derailed by the removal. And so the remand is what's important to allow that to finish. Otherwise, the Johnson Act is violated, because what happens is the operation of the rate is avoided by removal to the Federal District Court. And in fact, that's what the Ninth Circuit said, and I hate to have to admit this, but it looks like the case in Washington, it's Quest v. Nelson, and that's exactly what happened there. What happened is, is that the Washington Utility Board was sued by Quest right at the time when they were making these rates. It went into district court and the Ninth Circuit enunciated its position saying, no, that is an infringement on the operation and the effect of the rate order. Right. I've got the argument. Okay. And so that's the whole point with respect to that. How we go forward with respect to the settlement order, I want to make sure there's no confusion. We were not a party to the settlement order. That was in a separate case, but it affected the order here. Judge, the district court judge apparently confused the earlier case and the waiver order with the order here, which is the waiver order. We are now up to five minutes on the rebuttal, if you'd like to sum up. Okay. The whole point of our case is this, is that these little tiny companies were to be protected by the FCC orders. They were to be protected by the changes and the deregulation, the breakup of AT&T, the largest corporation in the world at the time. And that all filtered down from a district court judge, Judge Green's ruling in 1984, that broke up AT&T and created all of these baby bells. All of these baby bells were then regulated by State law as well as Federal law. But when it came to the rate setting, the court and the Congress said we're not going to allow the monopoly to continue. We're going to force it to have its rates set. I got all that. Okay. I'm sorry. Okay. At this point, then, if there's no further questions, thank you very much. Okay. Thank you both. Thank both sides for their arguments. State of Oregon XREL Northwest Public Communications Council v. Quest is submitted for decision.
judges: Block, Trott, Fletcher